```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Billy Finley,                    :

        Plaintiff,               :

    v.                           :      Case No. 2:16-cv-870

                                 :      JUDGE ALGENON L. MARBLEY
Gary Mohr, Director, et al.,            Magistrate Judge Kemp

        Defendants.              :
```

REPORT AND RECOMMENDATION

Plaintiff Billy Finley filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated by various officials employed by the Ohio Department of Rehabilitation and Correction ("ODRC"), the Ohio Parole Board ("OPB"), and the Grafton Correctional Institution ("GCI"). The defendants have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. 16). The motion has been fully briefed. (Doc. 21, 24). For the following reasons, it will be recommended that the motion be granted and this case be dismissed.

I.  Background

This case involves Ohio's 1996 changes to its criminal sentencing scheme. Effective July 1, 1996, Ohio did away with indeterminate sentencing. Instead, Ohio judges now impose fixed sentences. That means that criminal defendants sentenced after the new law took effect are not eligible for parole. Those sentenced under the prior law, however, may still be paroled before the expiration of their maximum sentence. Mr. Finley is one of those defendants, having been sentenced in 1993 to a term of seven to 25 years of incarceration.

Mr. Finley's claims arise out of his "almost-parole" in

2015. He was actually given a release date of December 28, 2015, and was simply waiting to be "dressed out" for release on that date when a paperwork error delayed his release. Two days later, he was involved in an altercation with another inmate. Although Mr. Finley denies being the aggressor, he was institutionally convicted of fighting. When the Parole Board obtained that information, it rescinded his release date and continued him to the expiration of his sentence. As a result, he is not scheduled for release until some time in late 2018.

In his complaint, which recites these facts, Mr. Finley does not ask for immediate release from prison, or for any damages. Rather, he has asked for declaratory and injunctive relief against the application of what he describes as Ohio's discriminatory classification of inmates into two groups: those who, because they must seek parole, can have the time they serve affected by institutional rule violations, and those who, because they are serving flat time sentences, may flout institutional rules with relative impunity. He supports his claim by noting that the other inmate involved in the December 30, 2015 incident was a "flat-time" inmate who had little or nothing to lose by picking a fight with Mr. Finley. The best description of Mr. Finley's claim comes from the complaint itself, at ¶50; he is challenging, on equal protection grounds,

> OAC provisions that permit double punishment for one
> class of prisoners and do not permit double punishment
> for a second class of prisoners, even for the exact
> same rule violation, even if committed at the same time
> in the same incident, and where both of the classes of
> prisoners were expressly created to be distinct
> classes....

II. <u>Legal Standard</u>

A motion to dismiss under Fed. R. Civ. P 12(b)(6) should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic</u>

-2-

Corp. v. Twombly, 550 U.S. 544, 570 (2007).  All well-pleaded factual allegations must be taken as true and be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009).  A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief.  See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978).

### III. Discussion

Defendants advance a number of different arguments in their motion to dismiss.  Apart from their discussion of the "rational basis" test applicable to equal protection claims, none of them are really responsive to Mr. Finley's claim.  He is not, as Defendants argue in their motion, asserting a constitutional right to parole, nor do his claims for declaratory and injunctive relief implicate the doctrine of *respondeat superior*.  That is a doctrine which, in cases which do not involve claims under 42 U.S.C. §1983, can sometimes be used to recover money damages from someone whose employee or agent commits a tort.  The doctrine cannot be used to hold a defendant liable for money damages in a case brought under §1983 because, in order to be held liable under that statute, a defendant must have been personally involved in the alleged constitutional deprivation.  See generally Monell v. Department of Social Services, 436 U.S. 658 (1978).  However, when declaratory or injunctive relief is sought against state officials acting in their official capacity, all that is necessary is that the "officers have 'some connection with the enforcement of the act' in question or be 'specially charged with the duty to enforce the statute' and be threatening to exercise that duty."  See Okpalobi v. Foster, 244 F.3d 405, 414-15 (5th Cir. 2001), quoting Ex Parte Young, 209 U.S. 123,

157, 158 (1908); see also Mann v. Mohr, 2016 WL 2616998, *5 (N.D. Ohio Feb. 24, 2016), adopted and affirmed 2016 WL 2588173 (N.D. Ohio May 4, 2016)(in cases involving "only the possibility of injunctive an/or (sic) declaratory relief, it is not entirely accurate to speak of *respondeat superior* liability at all...").

Defendants make a single equal protection argument.  They assert that, under rational basis scrutiny (which both they and Mr. Finley agree applies here), it is Mr. Finley's burden to demonstrate that there is no rational basis for the challenged statute or regulation, and that he can do so only by showing that there could not be a rational reason for treating the two classes of persons at issue differently, or by showing that the classification was motivated by animus or ill will.  See generally Michael v. Ghee, 498 F.3d 372, 379 (6th Cir. 2007). This, they contend, Mr. Finley has failed to do.  They have not offered any particular justification for the classification in question, not even "rational speculation unsupported by evidence or empirical data."  See Federal Communications Commission v. Beach Communications, Inc., 508 U.S. 307, 315 (1993).

Mr. Finley faces a bit of an uphill challenge in this case since, in Michael v. Ghee, the Court of Appeals upheld the change in Ohio's sentencing scheme against an equal protection challenge.  True, that challenge had a different focus.  The plaintiffs in that case argued that not applying the new sentencing scheme retroactively violated equal protection, but the Court of Appeals concluded that such unequal application was rationally related to Ohio's desire to implement sentencing reform one step at a time.  Were this Court to conclude that Mr. Finley has stated a valid equal protection claim, it would be contradicting the Michael decision by saying that Ohio had no rational basis for creating the same two classes of prisoners – one of which has to strive for parole through good institutional

behavior, and one of which does not - which Mr. Finley identifies in his complaint.

Mr. Finley has put his finger on what may be a real problem: Ohio inmates who commit institutional rules violations may, in fact, not be subject to the same punishment for identical acts. One inmate may face delay or denial of parole, while the other may be facing only institutional charges or, if the misconduct is serious enough, new criminal charges.  However, that difference is a necessary byproduct of having inmates who are under the old sentencing scheme (and therefore parole-eligible) and inmates under the new scheme housed in the same correctional institutions.  This problem could perhaps be cured by keeping the inmates separate, but Ohio surely has rational reasons, relating to cost and efficiency, in maintaining its existing system of correctional institutions and not creating separate institutions or housing units for inmates depending upon which type of sentence they are serving.  Alternatively, Ohio could adopt regulations which prevent the Parole Board from taking institutional conduct into account when a rules violation results from the type of situation which occurred here - but, again, Ohio has a rational basis for wanting the Parole Board to be able to consider all relevant conduct in deciding whether to grant parole, and institutional rules violations are rationally related to that goal.

The Equal Protection Clause does not demand precise equality of treatment for people who engage in the same type of conduct. For example, two defendants who commit the exact same crime may be punished differently based on their criminal history, or based on whether one is a citizen and one is not.  The latter defendant may face deportation, but that consequence is rationally related to the citizenship status of the defendant and may therefore properly be taken into account in determining the consequences

which flow from a criminal conviction. Both the States and the federal government are given substantial leeway in deciding how to punish people who commit similar crimes. See, e.g., United States v. Walker, 473 F.3d 71 (3d Cir. 2007)(holding that it is rational to impose a longer sentence on someone who commits a second firearms offense punishable under 18 U.S.C. §924(c) than someone who is a first offender).

Rational basis review is not toothless, but it is deferential. As the Supreme Court has said, "equal protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." Federal Communications Commission v. Beach Communications, Inc., 508 U.S. at 313. Situations like the one encountered by Mr. Finley are sometimes the consequence of a State's choice to change other aspects of the law. For a time, two people engaged in the exact same act may be subject to different treatment. The Court must consider, however, whether there was a rational basis for the State's decision to create the classifications which led to that situation. Here, Michael v. Ghee has already decided that basic question. This Court has also concluded that there are reasons why inmates like Mr. Finley and the one who assaulted him can still be housed together. Under these circumstances, some inequalities in treatment are inevitable, but they are not irrational. That is enough to defeat Mr. Finley's equal protection claim, and to grant the Defendants' motion to dismiss.

## IV. Recommendation

For the foregoing reasons, the Court recommends that the defendants' motion to dismiss (Doc. 16) be granted and this case be dismissed.

## V. Procedure on Objections

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for

reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge